UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

HUONGSTEN PRODUCTION IMPORT &
EXPORT CO. LTD, ET AL

    Plaintiffs

      v.

SANCO METALS LLC. ET AL

    Defendants

Civil No. 10-1610 (SEC)

## OPINION AND ORDER

Upon entry of default against Co-Defendants Mike Hai Tran a/k/a Hai Mike Tran a/k/a Tran Mike Hai (Docket # 84), Zen America Capital Corporation (Docket # 122), Hiep Dang (Docket # 30), Jorge P. Adorno-Del Valle a/k/a Jorge P. Adorno a/k/a George Adorno (Docket # 25), and Puerto Rico Salvage & Demolition Corp. (Docket # 25) (collectively "Defaulted Defendants"), and after reviewing the facts of the complaint, which are deemed as true in light of the default entered against Defaulted Defendants, this Court makes the following findings of fact and law.

### Findings of Fact

*The parties*

Senprodimex is a Vietnamese company with no office in the United States, and represented by Linh Hoang ("Hoang") and Tung Mai ("Mai").[1] Plaintiffs ("Senprodimex") is a limited liability company organized under the laws of the Socialist Republic of Vietnam, and all of its members are citizens and residents of Vietnam. Puerto Rico Salvage and Demolition Corp. ("PRSD") is a Puerto Rico corporation with its principal place of business in Puerto Rico. Adorno is the President of PRSD and is a resident of Massachusetts. Zen America is a California corporation, with its principal place of business in California. Mike

---

[1] Mai is an American citizen and resident of Virginia, and his wife, Hoang is a Vietnamese citizen and resident of Virginia, with application for permanent residence currently pending.

**Civil No. 10-1610 (SEC)**                                                                                             2

Tran is a resident of California. Dang is a resident of Oregon.

*Factual Background*

On November 9, 2009, Senprodimex, represented by Hoang, signed a service agreement with Zen America, who was represented by Mike Tran as CEO and Mr. Dang as an additional representative (the "Zen America-Senprodimex Contract"). Therein, Zen America agreed to remove, process, transport, and load all the scrap metal at the Lafayette Mill on a vessel at the port of San Juan. Zen America, in turn, subcontracted PRSD to perform some of the obligations under the referred service agreement. Pursuant to the Zen America-Senprodimex Contract, Plaintiffs paid Zen America and/or its representatives Mike Tran and Dang the following amounts: (1) $220,000.00 wired on November 16, 2009 to the Zen America Account; and (2) $20,000.00 by Wachovia bank wire transfer on December 4, 2009 from Hoang's Wachovia Bank account 1010206119577 to Zen America Bank Account 2177422550 at Bank of America.

To perform its obligations under the Zen America-Senprodimex Contract, Zen America engaged among others, Dang, Mike Tran in his individual capacity, Adorno, and PRSD. Dang, Mike Tran in his individual capacity, Adorno, and PRSD each failed to properly supervise and arrange for Zen America's work at the Lafayette Mill. Among other deficiencies, they caused Zen America (a) to fail to apply timely for erosion permit, and ARPE permit, for work at the Lafayette Mill site; (b) to fail in arranging shipping on a timely basis; and (c) to fail to make the first delivery of metal no later than eight weeks after November 9, 2009, as required by the Zen America-Senprodimex Contract. Accordingly, Zen America breached the Zen America-Senprodimex Contract.

On January 8, 2010, Zen America and Mike Tran agreed to terminate the Zen America-Senprodimex Contract, but Dang did not agree. On January 12, 2010, Senprodimex notified the termination of the Zen America-Senprodimex Contract, reserving Senprodimex' rights and claims.

Subsequently, on January 14, 2010, Senprodimex and PRSD signed a service agreement, and an amendment to the same, dated January 25, 2010 (the "Senprodimex-PRSD Contract") to remove, process, transport, and load all the scrap metal at the Lafayette Mill

**Civil No. 10-1610 (SEC)**                                                                 3

on vessel at a port in Puerto Rico. As agreed in the Senprodimex-PRSD Contract, Plaintiffs paid PRSD and/or its President Adorno the following amounts[2]: (1) $40,000.00 by wire transfer on January 8, 2010 from Ms. Hoang's Wachovia Bank Account 1010206119577 to Adorno's account 478479215 at Banco Popular de Puerto Rico in Puerto Rico, as evidenced by the Wire Transfer of Funds Request attached hereto as Exhibit T; (2) $200,000 by wire transfer on January 19, 2010 from Hoang's account 446007049796 at Bank of America in Maryland to Adorno's account 478479215 at Banco Popular de Puerto Rico in Puerto Rico; (3) $100,000 by wire transfer on January 27, 2010, from Hoang's account 446007049796 at Bank of America in Maryland to Adorno's account 478479215 at Banco Popular de Puerto Rico in Puerto Rico; and (4) $100,000 by wire transfer on February 8, 2010, from Hoang's account 446007049796 at Bank of America in Maryland to Adorno's account 478479215 at Banco Popular de Puerto Rico in Puerto Rico.

The Senprodimex-PRSD Contract required PRSD to process and ship all the metal at the Lafayette Mill from Puerto Rico no later than February 20, 2010 to Senprodimex in Vietnam. No metal, however, has been shipped by PRSD despite Senprodimex's payments to PRSD and its designees. The Senprodimex-PRSD Contract further required PRSD and Adorno as its President to adequately supervise at all times and to obtain the necessary permits to extract all the metal from the Lafayette Mill. Specifically, PRSD was obligated to obtain timely all necessary permits prior to January 26, 2010. Those permits included, but were not limited to a "CES" permit (Sediments and Erosion Control Plan), and a permit for demolition from the Regulation and Permits Administration ("ARPE"). PRSD failed to obtain a CES permit and to obtain ARPE's permit for demolition.

Because of PRSD's failure to obtain permits, an injunction was issued against PRSD by the Guayama Superior Court on February 5, 2010. On May 4, 2010 Senprodimex notified to PRSD the resolution and termination of the Senprodimex-PRSD Contract demanding that

---

[2] The payment schedule for the first $500,000 under the Senprodimex-PRSD Contract was modified during telephone conversations in January 2010, to the effect that the $40,000 wired on January 8, 2010 would be on account of the Senprodimex-PRSD Contract, and additional funds would be wired to PRSD or its President at the latter's request. Plaintiffs complied with each and such request until April 7, 2010.

**Civil No. 10-1610 (SEC)**                                                                                          4

PRSD return all moneys paid to it, and reserving all rights and claims. Senprodimex also demanded that PRSD leave the metal that it loaded on three trailers on the Mill premises, remove those trailers from the Mill property, and deliver the Mill premises to its Owner and LAREB Corporation as their interests may appear.

## Conclusions of Law

By virtue of the default entered against Defaulted Defendants, this Court deems the afore-mentioned facts to be true. After reviewing the filings and the evidence in the record, this Court finds that Plaintiffs are entitled to relief for Defaulted Defendants' breach of their respective contracts with Plaintiffs pursuant to Puerto Rico Civil Code Article 1077, P.R. Laws Ann. tit. 31, § 3052.

Under Puerto Rico Civil Code Article 1044, P.R. Laws Ann. tit. 31, §2994, obligations arising from a contract have legal force between the contracting parties and must be fulfilled in accordance with its stipulations. Article 1077 further provides that when one of the parties to a contract fails to comply with its obligations under the same, the person prejudiced may resolve and terminate the obligation and demand payment of interest and indemnity for damages.

Based on the foregoing findings of fact, this Court finds that PRSD failed to (i) obtain the required permits to extract the metal from Lafayette Mill, and (ii) process and ship any metal to Senprodimex. Hence, PRSD failed to comply with its fundamental obligations under the Senprodimex-PRSD Contract, which were reciprocal to Plaintiffs' payments made thereunder. Moreover, Zen America failed to (i) obtain the required permits to extract the metal from Lafayette Mill, (ii) arrange shipping on a timely basis and (iii) timely deliver the metal. Therefore, Zen America breached its obligations under the Zen America-Senprodimex Contract, which were reciprocal to Plaintiffs' payments made thereunder.

FED. R.CIV. P. 55 provides that following entry of default, a plaintiff may move the Clerk to enter judgment for a sum certain as prayed for in the complaint. In all other cases, following entry of default a plaintiff may move the court to enter default judgment, conducting such hearings the court may deem necessary if it needs to, among other things, determine the amount of damages, establish the truth of any allegation by evidence. Rule

**Civil No. 10-1610 (SEC)**                                                                 5

55(b) (2). Here, the court has ample evidence in the record, such as the Verified Complaint and the Exhibits thereto, and the Declaration of Hoang, to issue default judgment against Defaulted Defendants.

Based on said facts, and the evidence provided on the record, this Court **ADJUDGES, DECREES AND ORDERS** as follows:

1. that the Zen America-Senprodimex Contract is resolved and terminated, and that Zen America Capital Corporation, Mike Hai Tran, and Hiep Dang are jointly and severally liable to Plaintiffs for $240,000 paid by Plaintiffs on account of said contract;

2. that the Senprodimex-PRSD Contract is resolved and terminated, and that Jorge P. Adorno-Del Valle and Puerto Rico Salvage & Demolition Corp. are jointly and severally liable to Plaintiffs for $440,000 paid by Plaintiffs on account of said contract;

3. that partial default judgment against Zen America Capital Corp., Mike Hai Tran, Jorge P. Adorno Del Valle, and Puerto Rico Salvage and Demolition Corp shall be entered, as said causes of action are severable from the others in the Verified Complaint, and the co-defendants other than Defaulted Defendants are not liable thereon.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of February, 2011.

> *s/Salvador E. Casellas*
> Salvador E. Casellas
> U.S. Senior District Judge